Matter of Curatolo v Donahue

2026 NY Slip Op 02111

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Mark Curatolo, appellant,

v

Daniel Donahue, as Under-Sheriff of the Sheriff's Department, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2022-02928, (Index No. 602980/20)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Donna-Marie E. Golia, JJ.

Isaacs Devasia Castro & Wien, LLP, New York, NY (Liam L. Castro of counsel), for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Daniel Donahue, as Under-Sheriff of the Sheriff's Department, dated November 14, 2019, which denied the petitioner's request to be designated an investigator in the Nassau County Sheriff's Department pursuant to Civil Service Law § 58(4), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Helen Voutsinas, J.), dated March 20, 2022. The judgment, after a nonjury trial pursuant to CPLR 7804(h), denied the petition and dismissed the proceeding.

ORDERED that the judgment is affirmed, without costs or disbursements.

The petitioner has been employed as a correction sergeant with the respondent Nassau County Sheriff's Department since 2017. In November 2019, the petitioner requested to be designated an investigator pursuant to Civil Service Law § 58(4). In a determination dated November 14, 2019, the respondent Daniel Donahue, as Under-Sheriff of the Sheriff's Department, denied the petitioner's request. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination. In a judgment dated March 20, 2022, the Supreme Court, after a nonjury trial pursuant to CPLR 7804(h), denied the petition and dismissed the proceeding. The petitioner appeals.

The Supreme Court properly denied the petition and dismissed the proceeding. Civil Service Law § 58(4)(b)(ii) (former [c][ii]) provides, in relevant part, that "any person who has received permanent appointment to the position of . . . correction officer of any rank . . . and is temporarily assigned to perform the duties of detective or investigator shall, whenever such assignment . . . exceeds eighteen months, be permanently designated as a detective or investigator" (see Matter of Wood v Irving, 85 NY2d 238, 242; Matter of Calabrese v Commissioner of Police of City of Yonkers, 282 AD2d 457, 457). Here, the petitioner was not entitled to be designated an investigator pursuant to Civil Service Law § 58(4) because he was not temporarily assigned to perform the duties of an investigator in his position as correction sergeant (see Matter of Cieslinski v Cassino, 282 AD2d 457, 458; Matter of Calabrese v Commissioner of Police of City of Yonkers, 282 AD2d at 457).

The petitioner's remaining contentions are without merit.

IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court